IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| LEO PARRISH, et al., | § |
| | § |
| Plaintiffs, | § |
| | § |
| v. | §   Civil Action No.  4:21-cv-00070-O |
| | § |
| STATE AUTO INSURANCE COMPANIES, | § |
| | § |
| Defendant. | § |

## ORDER

Before the Court are Defendant's Motion for Summary Judgment (ECF No. 20), filed on December 14, 2021; Defendant's Brief in Support (ECF No. 22), filed on December 14, 2021; Defendant's Appendices in Support (ECF Nos. 21, 23, 24), filed on December 14-15, 2021; Plaintiffs' Response (ECF No. 25), filed on January 3, 2022; Plaintiffs' Brief in Support (ECF No. 26), filed on January 3, 2022; Plaintiffs' Appendix in Support (ECF No. 27), filed on January 3, 2022; and Defendant's Reply (ECF No. 28), filed on January 11, 2022. For the reasons that follow, Defendant's Motion for Summary Judgment is **GRANTED**.

**I.       Factual Background**

Unless otherwise noted, the following facts are not disputed.  Plaintiffs are a husband and wife who own a home at 3704 Eagles Nest Trail, Burleson, Texas which was covered by a homeowners insurance policy issued by Defendant for the policy period from November 2, 2019 to November 2, 2020 (the "homeowners policy"). The homeowners policy covers damages caused by, among other things, hail, subject to a $5,921 deductible.

In March 2020, Plaintiffs saw many of their neighbors receiving new roofs. They talked to one of the neighbor's roofers who agreed to examine their roof. After doing so, he told Plaintiffs their roof had been damaged by hail. Plaintiffs then filed a claim for damage with Defendant, alleging that on March 19, 2020, hail damaged their roof.

Based on this claim, Defendant inspected Plaintiffs' roof and determined that it was not damaged by hail from that date. Instead, Defendant determined that any hail damage that existed had occurred on a date before it issued the homeowners policy. It also concluded that any damage that may have occurred did not exceed Plaintiffs' deductible under the policy. Accordingly, Defendant did not pay on this claim. Plaintiffs disagree and assert that hail damage occurred on March 19, 2020, and in an amount well in excess of their deductible.

Plaintiffs filed this suit against Defendant in Tarrant County state district court alleging claims of breach of contract, Texas Insurance Code, Deceptive Trade Practices Act, breach of the duty of good faith and fair dealing, and common law fraud. Defendant later removed the case to federal court.

Defendant has now moved for summary judgment. Plaintiffs oppose summary judgment, except for their breach of good faith and fair dealing and Deceptive Trade Practices Act claims, which they agree should be dismissed. Accordingly, those claims are dismissed with prejudice. As set out below, Plaintiffs' remaining claims against Defendant are dismissed with prejudice because there is no genuine dispute of material fact such that Defendant is entitled to judgment as a matter of law on them.

    **II.**    **Legal Standards**

        **A.**    **Summary Judgment**

Summary judgment is proper when the pleadings and evidence on file show "that there is

no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party makes a properly supported motion for summary judgment, the nonmovant "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255–57). The nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458.

When reviewing the evidence on a motion for summary judgment, a court must decide all reasonable doubts and inferences in the light most favorable to the non-movant. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). A court cannot make a credibility determination in light of conflicting evidence or competing inferences. *Anderson*, 477 U.S. at 255. As long as there appears to be some support for the disputed allegations such that "reasonable

- 3 -

minds could differ as to the import of the evidence," the motion for summary judgment must be denied. *Id.* at 250.

### B.   Interpretation of Insurance Contracts

Generally, under Texas law, a contract of insurance is subject to the same rules of construction as other contracts. *Barnett v. Aetna Life Ins. Co.*, 723 S.W.2d 663, 665 (Tex. 1987). When interpreting an insurance contract, terms are given their plain, ordinary meaning unless the policy itself shows that the parties intended the terms to have a different, technical meaning. *DeWitt County Elec. Coop., Inc. v. Parks*, 1 S.W.3d 96, 101 (Tex. 1999); *Puckett v. U.S. Fires Ins. Co.*, 678 S.W.2d 936, 938 (Tex. 1984). When terms are defined in an insurance policy, those definitions control. *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 823 (Tex. 1997). Courts interpret the contract as a whole, giving effect to each part. *Balandran v. Safeco Ins. Co. of Am.*, 972 S.W.2d 738, 741 (Tex. 1998). If the policy terms are susceptible to only one reasonable construction, the terms are enforced as written. *Puckett*, 678 S.W.2d at 938. If an insurance contract is ambiguous however, a court construes the contract in favor of the insured. *Barnett*, 723 S.W.2d at 665; *Canutillo Indep. Sch. Dist. v. Nat'l Union Fire Ins. Co.*, 99 F.3d 695, 701 (5th Cir. 1996) (applying Texas law). Where an exclusionary clause is subject to two or more reasonable interpretations, a court must adopt the construction urged by an insured as long as the construction is reasonable, even if the construction urged by the insurer appears to be more reasonable or a more accurate reflection of the parties' intent. *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Hudson Energy Co., Inc.*, 811 S.W.2d 552, 555 (Tex. 1991); *Glover v. Nat'l Ins. Underwriters*, 545 S.W.2d 755, 761 (Tex. 1977).

"An insured cannot recover under an insurance policy unless facts are pleaded and proved showing that damages are covered by [his] policy." *Employers Cas. Co. v. Block*, 744 S.W.2d 940,

944 (Tex. 1988), overruled in part on other grounds by *State Farm Fire & Cas. Co. v. Gandy*, 925 S.W.2d 696 (Tex. 1996). However, an insured can recover where he suffers damage from both covered and non-covered perils. *Hamilton Properties v. Am. Ins. Co.*, 3:12-cv-5046-B, 2014 WL 3055801, at *4 (N.D. Tex. July 7, 2014), *aff'd*, 643 Fed.Appx. 437 (5th Cir. 2016) (applying Texas law). Under the doctrine of concurrent causes, the insured is entitled to recover the portion of the damage caused solely by the covered peril. *Hahn v. United Fire & Cas. Co.*, 6:15-cv-00218 RP, 2017 WL 1289024, at *8 (W.D. Tex. Apr. 6, 2017) (applying Texas law). The burden of proof is on the insured to segregate the damages attributable solely to the covered peril. *Wallis v. United Services Auto. Ass'n*, 2 S.W.3d 300, 303 (Tex. App.—San Antonio 1999, pet. denied).

"When covered and excluded perils combine to cause an injury, the insured must present some evidence affording the jury a reasonable basis on which to allocate the damage." *Lyons v. Miller Cas. Ins. Co.*, 866 S.W.2d 597, 601 (Tex. 1993). "Failure to provide evidence upon which a jury or court can allocate damages between those that resulted from covered perils and those that did not is fatal to an insured party's claim." *Nat'l Union Fire Ins. v. Puget Plastics Corp.*, 735 F. Supp. 2d 650, 669 (S.D. Tex. 2010) (applying Texas law); *see also Wallis*, 2 S.W.3d at 303 (holding that "an insured's failure to carry the burden of proof on allocation could not be immaterial because it is central to the claim for coverage").

    **C.**    **Fraud**

Plaintiffs correctly set out, and Defendant does not dispute, that the essential elements of a fraud claim are: (1) a false material representation, (2) made with knowledge of its falsity or made recklessly without knowledge of its truth, (3) intending that the misrepresentation would be acted on by the other party, (4) the other party acts in justifiable reliance on the misrepresentation, and

(5) injury/damages. *Kirwa v. v. Wells Fargo Bank, N.A.*, 2019 WL 2575058 (E.D. Tex. June 3, 2019); *see also* Pls.' Br. 19, ECF No. 26.

### III. Analysis

#### A. Breach of Contract

Defendant contends it is entitled to judgment as a matter of law because Plaintiffs cannot show hail damaged their roof on the date of their claim. As a result, Defendant argues it is entitled to judgment as a matter of law on the breach of contract claim, and then judgment as to all of the claims because they are based on this premise. Plaintiffs have submitted evidence through their deposition testimony that if believed would, at a minimum, circumstantially show hail damaged their roof on this date. Therefore, judgment on this ground fails.

Next, Defendant argues it is entitled to judgment as a matter of law because Plaintiffs have failed to allocate those damages covered by their homeowners policy from the damages that are not covered by it. *Hahn*, 6:15-cv-00218 RP, 2017 WL 1289024, at *8. In support, Defendant has presented evidence that any hail damage on the roof occurred prior to its issuance of the homeowners policy. *See* Def.'s App. 252, 378-379, ECF No. 21. Because Defendant has presented evidence that the hail damage Plaintiffs suffered occurred outside the policy period, and because Plaintiffs have presented evidence that shows that at least some hail damage occurred during the policy period, Plaintiffs now have the burden to present evidence affording a reasonable basis on which to allocate the damage. *Ragas*, 136 F.3d at 458 (burden of nonmovant); *Lyons,* 866 S.W.2d at 601 (duty on insured to allocate damage). Additionally, because Defendant has also presented evidence that any covered hail damage would not exceed Plaintiffs' deductible, Plaintiffs must also present evidence that the amount it allocates to covered damages exceeds the deductible. *Id.*; *see also* Def.'s Br. 8, ECF No. 22.

Plaintiffs have provided no evidence that would allow the fact finder to allocate damage between that which occurred on March 19, 2020, and that which occurred before the policy period. Plaintiffs appear to argue that their evidence shows that the *only* damage to their roof occurred within the policy period. Pls.' Br. 15, ECF No. 26 ("Plaintiffs contend that only the March 19, 2020 storm damaged their roof and that no other storms did so, so there is no apportionment necessary."). However, this is a conclusory assertion, and is insufficient to raise a fact issue. *Ragas*, 136 F.3d at 458 ("The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim."). Plaintiffs have presented no evidence disputing Defendant's evidence that prior hail damage occurred at their property and that hail damage occurred outside the policy period.

A review of Plaintiffs' evidence shows they are not able to factually support the assertion that the hail damage *only* occurred on March 19, 2020. Plaintiffs first assert that Leo Parrish has disputed there was prior storm damage. Pls.' Br. 4, ECF No. 26. The reference however is to Leo Parrish's deposition testimony where he testified that he does not know *how* someone could determine when damage occurred. Pls.' App. 108, ECF No. 27. This does not support the assertion that there was no prior hail damage.

Neither do the citations to Plaintiffs' expert witness testimony raise a fact issue on prior hail damage. Plaintiffs' expert Michael Ogden testified that he has provided an estimate of the total amount of damages Plaintiffs suffered, but not an opinion regarding *when* those damages occurred. Pls.' App. 837, ECF No. 27. He also testified that he was not opining on whether the repairs he described were considered a loss under the homeowners policy (Pls.' App. 845, ECF No. 27), or that he was testifying as to causation (Pls.' App. 850-51, ECF No. 27), and that he cannot identify the date of any damage (Pls.' App. 871, 874, ECF No. 27). Plaintiffs' expert Gary

Johnson testified he does not know the dates of any of the damages because he simply relied on Plaintiffs' statements as to the date of any damage (Pls.' App. 480, ECF No. 27), and expert Michael Stall testified he had no independent opinion, apart from Plaintiffs' statements, as to the date of any damage (Pls.' App. 991-92, 1034, ECF No. 27). Finally, Plaintiffs' meteorologist did not contradict Defendant's evidence that prior hail likely occurred at the property (Pls.' App. 1368-69, ECF No. 27).

Based on the foregoing, Plaintiffs have not disputed that some of the hail damage on their roof occurred before the date at issue and before the applicable policy period. Because the summary judgment evidence shows that there is covered and noncovered damage, Plaintiffs were required to point to evidence to permit the fact finder to apportion damages between those covered by the homeowners policy and those not covered by it. *Lyons*, 866 S.W.2d at 601. They have failed to carry their burden in this regard.

It is true Plaintiffs are not required to submit expert testimony apportioning damages. *Id.* Plaintiffs must however submit some evidence from which the fact finder may reasonably allocate damage. *Id.* While Plaintiffs have identified that some damage occurred on March 19, 2020, this is insufficient to afford a reasonable basis to allocate the covered and noncovered damage. Nor does it show that any covered damages exceed the $5,921 deductible.

After considering the foregoing, Defendant's Motion for Summary Judgment on Plaintiffs' breach of contract claim is **GRANTED**. Additionally, as Defendant is entitled to judgment as a matter of law on Plaintiffs' breach of contract claim, Plaintiffs' Texas Insurance Code claims necessarily fail as well. Therefore, Defendant's Motion for Summary Judgment on these claims is **GRANTED**.

### B. Common Law Fraud

The final claim that must be addressed is Plaintiffs' common law fraud cause of action. Defendant asserts it is entitled to judgment as a matter of law on this claim because, among other reasons, Plaintiffs have not proven injuries or established damages on it. Defendant contends that all damages Plaintiffs claim in this lawsuit result from the failure to pay policy benefits, and that absent the policy benefits, they have otherwise shown no injuries.[1]

"Texas law recognizes three types of damages for fraud: [1] out-of-pocket damages, consequential damages and benefit-of-the-bargain damages. (citation omitted). Out-of-pocket damages 'allo[w] the injured party to recover the actual injury suffered measured by the difference between the value of that which he has parted with, and the value of that which he has received.' (citation omitted). [2] Consequential damages permit plaintiffs to recover damages 'that are foreseeable and directly traceable to the fraud and result from it' and must be properly pleaded and proved. (citation omitted). [3] Benefit-of-the-bargain damages 'derive from an expectancy theory' and 'evaluate the difference between the value that was represented and the value actually received.'" *Bohnsack v. Varco, L.P.*, 668 F.3d 262, 275 (5th Cir. 2012).

Defendant has shown the record contains no evidence of damages Plaintiffs claim to have suffered on their fraud allegations. Plaintiffs were therefore required to point to evidence that raises an issue as to damages suffered from the fraud. *Ragas*, 136 F.3d at 458 (burden of nonmovant). They have failed to do so. Accordingly, even if Plaintiffs were able to present evidence on all of the other essential fraud elements, the fraud claim fails as a matter of law. Defendant's Motion for Summary Judgement on this issue is therefore **GRANTED**.

---

[1] Defendant also moves to disregard Plaintiff Leo Parrish's affidavit under the sham affidavit doctrine. But because Plaintiffs' fraud claim fails on other grounds, there is no need to address this issue.

### IV.     Conclusion

Based on the foregoing, Defendant's Motion for Summary Judgment is **GRANTED** and Plaintiffs' claims are dismissed with prejudice.

**SO ORDERED** on this **15th day** of **February, 2022**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**